IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIC T. HALL,

                                                    OPINION AND ORDER
                    Plaintiff,

                                                        12-cv-788-bbc
            v.

GREGORY GREGERSON, BRYAN LEE,
RON CRAMER, RICHARD GEARHART,
LISA DITLEFSEN,  MARK OTT,
FRANK TOMLANOVICH,
CHARISSE ROZGA-ANDERSON, JOHN DOE (1),
JOHN DOE (2), MARIE BETH VARRIALE,
JENNIFER NAUGLE, DENISE JONES,
MICHAEL FELTON, JOHN DOE PAROLE AGENT
and KRISTI GRUEBELE,[1]

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this lawsuit, plaintiff Eric Hall, a prisoner at the Oshkosh Correctional Institution,

is proceeding on the following claims regarding being falsely arrested for the theft of two

trucks:

> • Fourth Amendment claims against defendants Richard Gearhart, Charisse
> Rozga-Anderson, Frank Tomlanovich and John Doe deputies for falsely
> arresting him;
>
> • Fourth Amendment claims against defendants Gearhart, Rozga-Anderson,

---

[1] The caption has been amended to reflect to proper spelling of defendants Cramer's,
Ditlefsen's and Rozga-Anderson's names, as well as to provide the first names for defendants
Cramer and Ditlefsen.

1

Tomlanovich, Doe deputies, Ron Cramer and Gregory Gregerson for falsely imprisoning him;

• Fourth Amendment claims against defendants Bryan Lee, Gearhart, Rozga-Anderson, Tomlanovich and Doe deputies for illegally searching him; and

• State law malicious prosecution claims against defendants Lee, Gearhart, Rozga-Anderson, Tomlanovich, Doe deputies, Marie Beth Varriale, Jennifer Naugle, Michael Felton, Mark Ott, Lisa Ditlefson, Denise Jones, Kristi Gruebele and John Doe parole agent for working together to have criminal proceedings brought against him on the basis of false evidence.

Plaintiff has filed a motion for leave to amend his complaint as well as a proposed amended complaint in which he identifies the Doe defendants, attempts to bring claims under 42 U.S.C. §§ 1985 and 1986 and makes other minor changes.  In addition, plaintiff has filed a series of motions for discovery sanctions and a series of motions seeking release from prison.  Several of the defendants, Michael Felton, Kristi Gruebele, Denise Jones, Jennifer Naugle and Marie Beth Varriale (who are represented by the Wisconsin Department of Justice), have filed a motion for summary judgment based on plaintiff's failure to comply with the Wisconsin notice of claim statute.

After considering the parties' submissions, I will grant plaintiff's motion to amend his complaint in all respects except to the extent he seeks to identify defendant John Doe parole agent.  I will deny each of his remaining motions.  The motion for summary judgment filed by the state defendants will be granted and plaintiff's state-law claims against those defendants will be dismissed.

OPINION

A. <u>Amended Complaint</u>

Plaintiff has filed a motion for leave to amend his complaint, as well as a proposed amended complaint that makes only minor changes to his original complaint.  Plaintiff's proposed amended complaint names Anthony Justice and Mark VanderBloomen as the Doe deputies and attempts to reinstate original defendants Jeff Moessner and Melissa Brown in the place of the Doe parole agent.  (I initially inserted the Doe parole agent as a defendant because plaintiff could not affirmatively state which parole agent violated his rights.  Now he alleges that both of them did.)  Because plaintiff has now named the Doe defendants, I will grant his motion for leave to amend the complaint, with one exception noted below. The amended complaint, dkt. #55, is now the operative complaint.  I will direct the marshal to serve defendants Justice and VanderBloomen.

Plaintiff's motion for leave to amend his complaint will be denied to the extent that he attempts to reinstate Moessner and Brown in the place of the Doe parole agent.  Because I conclude below that plaintiff cannot proceed against the state defendants as a result of his failure to comply with the notice-of-claim statute, no purpose would be served by allowing him to amend the complaint to reinstate Moessner or Brown or serve them with the complaint, as any state-law claims against them would suffer from the same defect.

The only substantive change that requires screening by the court under 28 U.S.C. § 1915 is plaintiff's request to "expand[] authorization under 42 U.S.C. to sections 1985(3) and 1986."  I understand plaintiff to be attempting to bring claims under §§ 1985(3) and

3

1986.  Section 1985(3) prohibits conspiracies to deprive another of equal protection under the law, but the conspiracy must be motivated by racial or other class-based discriminatory animus.  Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Green v. Benden, 281 F.3d 661, 665 (7th Cir. 2002).  Plaintiff has not alleged any facts suggesting that the conspiracy was motivated by this type of discriminatory animus.  Even if plaintiff were attempting to assert a "class of one" claim under § 1985(3) (although I note that there is nothing in plaintiff's submissions indicating that he is attempting to do so), there is no authority suggesting that such a claim may be brought.  McCleester v. Department of Labor & Industry, 2007 WL 2071616, at *14–15 (W.D. Pa. July 16, 2007) (listing cases refraining from transforming § 1985(3) into a "general federal tort law").  Finally, courts have noted that the function of a conspiracy claim under 42 U.S.C. § 1985(3) is to "permit recovery from a private actor who has conspired with state actors."  Fairley v. Andrews, 578 F.3d 518, 526 (7th Cir. 2009).  When, as here, the defendants are all state actors, "a § 1985(3) claim does not add anything except needless complexity."  Id.  Therefore, I conclude that plaintiff fails to state a claim for relief under § 1985(3).  Because plaintiff has failed to state a § 1985 claim, his § 1986 claims (for "neglect to prevent" a violation of § 1985) fail as well.  See, e.g., Hicks v. Resolution Trust Corp., 970 F.2d 378, 382 (7th Cir. 1992); Williams v. Saint Joseph Hospital, 629 F.2d 448, 452 (7th Cir. 1980).

B. <u>Summary Judgment – Notice of Claim</u>

Wisconsin's notice of claim statute requires a plaintiff to file a notice with the attorney general's office before commencing a civil action "against any state officer, employee or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employee's or agent's duties." Wis. Stat. § 893.82(3). The notice must be filed within 120 days of the event causing the alleged injury and must state "the time, date, location and the circumstances of the event giving rise to the claim for the injury" as well as "the names of persons involved, including the name of the state officer, employee or agent involved." <u>Id</u>. Strict compliance with the notice of claim statute is a condition precedent to bringing a civil action against a state officer or employee. <u>Kellner v. Christian</u>, 197 Wis. 2d 183, 195-96, 539 N.W.2d 685, 690 (1995); <u>see also</u> Wis. Stat. § 893.82(2m) ("No claimant may bring an action against a state officer, employee or agent unless the claimant complies strictly with the requirements of this section."). If a plaintiff fails to comply strictly with the notice of claim requirements, the court must dismiss his or her claims, regardless whether the state employee had actual notice or was prejudiced by the lack of notice. <u>J.F. Ahern Co. v. Wisconsin State Bldg. Commission</u>, 114 Wis. 2d 69, 81, 336 N.W.2d 679, 685 (1983); <u>Carlson v. Pepin County</u>, 167 Wis. 2d 345, 357, 481 N.W.2d 498, 503 (Ct. App. 1992).

The state defendants argue that plaintiff's state law malicious prosecution claims must be dismissed because he failed to meet his duty under the notice-of-claim statute. They have proposed findings of fact indicating that each of them (as well as defendant John Doe parole

agent) are state employees and that the attorney general's office has not received a notice of claim from plaintiff naming these defendants.  Moreover, because the events giving rise to this lawsuit took place in 2010 and 2011, the 120-day time limit for filing the notices of claims has long since passed.

Plaintiff does not respond directly to defendants' proposed findings of fact, which usually means that the court must accept defendants' facts as true and undisputed for purposes of summary judgment.  In any case, in his opposition brief, plaintiff does not argue that defendants' facts are incorrect.  Instead, he argues that the notice of claim statue does not apply to lawsuits filed pursuant to 42 U.S.C. § 1983.  This is a true statement as far as it applies to plaintiff's constitutional claims, Felder v. Casey, 487 U.S. 131, 138 (1988), but does not save plaintiff's state law malicious prosecution claims, over which this court has exercised supplemental jurisdiction, id. at 151 ("federal courts entertaining state-law claims against Wisconsin municipalities are obligated to apply the notice-of-claim provision"). Because the undisputed facts show that plaintiff has failed to satisfy the notice of claim statute, I will grant the motion for summary judgment as to plaintiff's malicious prosecution claims against the state defendants (including the John Doe parole agent, who obviously is not a party to the motion but whose claims rise and fall with the other state defendants on this issue).

6

## C. Discovery Sanctions

Plaintiff has filed a series of motions for discovery sanctions against the Wisconsin Department of Justice for failing to respond to interrogatories sent to the state defendants in an effort to ascertain the identities of the Doe defendants.  The state defendants have responded, saying that they could locate no records indicating that plaintiff ever sent them interrogatories.  They have filed a document dated May 27, 2013 from plaintiff that appears to be an attempt to seek discovery from defendants regarding the Doe identities, although the document itself is not in the form of interrogatories.  Regardless of the sufficiency of this document, it appears that the state defendants were not going to respond to plaintiff's discovery requests; plaintiff has submitted a July 9, 2013 letter from defendants' counsel stating that because the court granted a stay of discovery pending the resolution of their summary judgment motion, they would not respond to any discovery requests.  This response gets to the heart of this issue—the state defendants had already been informed by the court's March 11, 2013 order that they would not have to respond to discovery requests until the exhaustion motion was resolved.  Thus, although I understand plaintiff's frustration at these defendants' non-cooperation with the Doe defendant identification process set forth in the court's May 20, 2013 preliminary pretrial conference order, they were under no duty to cooperate until the discovery stay was lifted.  Moreover, I note that plaintiff does not appear to have been prejudiced by the lack of the state defendants' cooperation, as he was able to clarify his allegations to come up with concrete claims against proposed defendants Moessner and Brown (albeit claims that will be dismissed because of plaintiff's failure to

comply with the notice-of-claim statute), and was able to identify the Doe deputies. Thus, I will deny plaintiff's motions for sanctions against the Department of Justice.

Also in his motions, plaintiff seeks sanctions against defendant Tomlanovich by asserting that defendant responded to his interrogatories by identifying defendants Justice and VanderBloomen as the Doe deputies, but referring to them as "deputy sheriffs" when they are actually police officers (it turns out that Justice and VanderBloomen are Eagle River Police Department officers rather than county deputies). Defendant Tomlanovich disputes this characterization of events, stating that he provided plaintiff with the correct information. In any case, there is no evidence of any discovery violation here; there is no indication that defendant Tomlanovich acted in bad faith in responding to plaintiff's requests. Nor is there any reason to think that plaintiff was prejudiced in any way, as all parties seem to agree that the proper identities of the "Doe deputies" have been discovered. Accordingly, plaintiff's motions for sanctions against Tomlanovich will be denied.


### D. Motions for Release

Plaintiff has filed a series of submissions, generally titled as motions for injunctive relief, in which he asks to be released from prison. I understand plaintiff to be stating that his probation was revoked on the basis of the false charges at issue in this case, despite the fact that the  charges were ultimately dropped. (Neither plaintiff's original complaint nor his amended complaint includes a request for relief in the form of release from prison.)

Plaintiff's motions for release will be denied because this court cannot order plaintiff's

release from prison in a § 1983 action.  A plaintiff challenging the legality of his confinement under federal law must first raise that claim in a petition for a writ of habeas corpus, after exhausting his remedies in state court, <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81 (2005). Moreover, the new information provided by plaintiff casts serious doubt on the validity of this lawsuit altogether.

After reading plaintiff's allegations and the new information he has provided regarding his probation revocation, I find it highly likely that at least his surviving malicious prosecution claims, and perhaps his Fourth Amendment claims as well, are premised on allegations calling into question the validity of his probation revocation.  Such claims cannot be raised in an action under 42 U.S.C. § 1983 unless plaintiff first prevails in a habeas corpus proceeding challenging his revocation proceedings.  <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994); <u>Spencer v. Kemna</u>, 523 U.S. 1, 17 (1998) (application of <u>Heck</u> to parole revocation hearing); <u>Williams v. Wisconsin</u>, 336 F.3d 576, 579 -580 (7th Cir. 2003) (citing <u>Drollinger v. Milligan</u>, 552 F.2d 1220 (7th Cir. 1977)).  Plaintiff's current submissions show that he has not prevailed in a habeas action or otherwise established the invalidity of his probation revocation.  At this point, I will not dismiss any of plaintiff's claims on the court's own motion, but plaintiff should be aware that it is likely that defendants will raise the <u>Heck</u> issue with regard to at least some of his claims in further motions for summary judgment.

ORDER

IT IS ORDERED that

1.   Plaintiff Eric Hall's motion for leave to amend his complaint, dkt. #54, is GRANTED in all respects, except that plaintiff's request to substitute Jeff Moessner and Melissa Brown for defendant John Doe parole agent is DENIED as futile.

2.   Plaintiff is DENIED leave to proceed on his proposed 42 U.S.C. §§ 1985(3) and 1986 claims.

3.   Copies of plaintiff's amended complaint, the February 13, 2013 screening order and this order are being forwarded to the United States Marshal for service on newly identified defendants Anthony Justice and Mark VanderBloomen.

4.   The motion for summary judgment filed by defendants Michael Felton, Kristi Gruebele, Denise Jones, Jennifer Naugle and Marie Beth Varriale, dkt. #16, is GRANTED. Plaintiff's state law malicious prosecution claims against these defendants, as well as against defendant John Doe parole agent, are DISMISSED.  Defendants Felton, Gruebele, Jones, Naugle, Varriale and Doe parole agent are DISMISSED from the case.

5.   Plaintiff's motions for discovery sanctions, dkt. ##57, 62, 69, 70, 71, 72, are DENIED.

10

    6.  Plaintiff's motions for release from custody, dkt. ##49, 56, 59, 60, 61, 74, are

DENIED.

    Entered this 18th day of September, 2013.

                                        BY THE COURT:
                                        /s/

                                        BARBARA B. CRABB
                                        District Judge