IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIC T. HALL,

                                                    OPINION AND ORDER
                    Plaintiff,
                                                    12-cv-788-bbc
          v.

GREGORY GREGERSON, BRYAN LEE,
RON CRAMER, RICHARD GEARHART,
LISA DITLEFSEN, MARK OTT,
FRANK TOMLANOVICH,
CHARISSE ROZGA-ANDERSON,
ANTHONY JUSTICE and
GREGORY GREGERSON,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this lawsuit, plaintiff Eric Hall, a prisoner at the Oshkosh Correctional Institution, is proceeding on various claims against several defendants regarding his allegedly false arrest for the theft of two trucks. Now before the court are two summary judgment motions, one filed by defendant Ron Cramer and the other filed jointly by defendants Bryan Lee and Gregory Gregerson. Also before the court are plaintiff's motions for the court's assistance in recruiting counsel, an amended notice of claim and a motion for preliminary injunctive relief. After considering the parties' submissions, I will grant defendants' motions for summary judgment and deny each of plaintiff's motions.

SUMMARY JUDGMENT MOTIONS

Currently before the court are two motions for summary judgment; one filed by defendants Gregerson and Lee and another filed by defendant Ron Cramer. As outlined in the court's February 13, 2013 screening order, plaintiff is proceeding on the following claims against these defendants: (1) Fourth Amendment claims against Cramer and Gregerson for falsely imprisoning him from August 10 to November 10, 2010, despite knowing the evidence against him was false; (2) a Fourth Amendment claim against Lee for illegally searching him despite knowing that evidence forming the basis for the search was false; and (3) a state law malicious prosecution claim against Lee for having criminal proceedings brought against plaintiff on the basis of false evidence.

From the parties' proposed findings of fact, supporting evidence and electronic record of plaintiff's revocation proceedings, I find the following facts to be material and undisputed. (For the sake of simplicity I will combine the proposed findings of fact from both summary judgment motions.)


A. Proposed Findings of Fact

On May 12, 2010 a gray 2004 Ford F-150 was stolen in the city of Osseo, Wisconsin. Defendant Bryan Lee, an Osseo police officer, talked with the owner of the truck and entered the truck into a database for stolen vehicles. On May 14, 2010, Lee was told that the Clark County Sheriff had recovered the truck. Defendant Lee examined the truck, taking nine DNA swabs from various surfaces in and on the truck, including one from the steering wheel.

2

Lee sent the DNA swabs to the state crime lab.

Defendant Lee received the crime lab report, which stated that the DNA sample from the steering wheel of the truck matched plaintiff's profile in the Wisconsin "Casework and Convicted Offender Indicies." The sample was also searched against 14,875 samples in a United States database and was found to occur eight times (the report is unclear on whether plaintiff was one of these eight matches). The lab report said that, in order to confirm the accuracy of the test, a fresh swab should be obtained from Hall for comparison.

On August 10, 2010, Melissa Brown, one of plaintiff's parole agents, issued an "Order to Detain" plaintiff for a parole violation. At the time the Order to Detain was issued, plaintiff was on parole related to multiple convictions.

Defendant Lee contacted Brown, who told Lee that plaintiff had been arrested and was being held in the Eau Claire County jail. Lee applied for a search warrant allowing him to take a new DNA sample from Hall. This request was granted by a court commissioner. On August 12, 2010, Lee obtained the fresh DNA swabs from Hall after reading him his Miranda rights.

Defendant Lee sent the fresh DNA sample to the crime lab. The lab's report stated its conclusions as follows:

> Eric Hall is included as a possible source of the major component Y-STR DNA profile previously detected from the swab from the steering wheel (item H). . . .

> The possible contribution of DNA from Eric Hall in the STR DNA profile previously detected from the swab from the steering wheel (item H) cannot be determined.

Eric Hall is excluded as a possible contributor to the STR DNA mixture profile and the Y-STR DNA mixture profile previously detected from the swab from the inside passenger door handle (item E).

Defendant Gregory Gregerson is the Osseo police chief.   Gregerson's only involvement in the investigation of the stolen truck was the receipt of periodic reports from Officer Lee.  Gregerson did not see the state crime lab DNA reports and he did not know that plaintiff had been arrested for a parole violation or that he was being kept in jail.

Neither Gregerson, Lee nor the Osseo city clerk received a "notice of circumstance of claim" or "claim for damages" from plaintiff.

Defendant Ron Cramer is the Eau Claire County sheriff.   (I can infer from the parties' submissions that Cramer runs the county jail).  Plaintiff had a preliminary revocation hearing on August 26, 2010.  The record does not indicate that a final revocation hearing was ever held.   Rather, plaintiff was released from the jail to continued community supervision under a "Cancellation of Order to Detain," issued by plaintiff's parole agent Jeff Moessner on November 10, 2010.

On November 14, 2010, a Ford F350 pickup truck was stolen in Neillsville, Wisconsin.  Plaintiff was arrested for this theft (by defendants who do not have motions pending before the court).  The charges against plaintiff were dropped, but his parole was revoked on June 29, 2011.  (I understand from the parties' submissions and electronic record of the revocation proceedings that plaintiff is still imprisoned on this revocation.)

B. <u>Discussion</u>

To succeed on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Indiana Grocery, Inc. v. Super Valu Stores, Inc.</u>, 864 F.2d 1409, 1412 (7th Cir. 1989).  "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." <u>Brummett v. Sinclair Broadcast Group, Inc.</u>, 414 F.3d 686, 692 (7th Cir. 2005).  If the nonmoving party fails to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment for the moving party is proper. <u>Celotex</u>, 477 U.S. at 322.

1. <u>Heck v. Humphrey</u>

As an initial matter, I note that both motions for summary judgment raise arguments that the claims at issue should be dismissed because they call into question the revocation of plaintiff's parole.  <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994), prohibits a court from considering a challenge to a prior conviction or revocation that has not been overturned on appeal or through a petition for a writ of habeas corpus.  These arguments are somewhat confusing because I do not understand plaintiff to be alleging that defendant Lee's illegal search or that defendants Cramer's or Gregerson's unlawful incarceration resulted in the revocation of his parole.  As I understand it, two periods of confinement are at issue: (1) from August 10 to November 10, 2010, and (2) June 29, 2011 to the present.  The claims

5

against Lee, Cramer and Gregerson concern the first period of confinement, when plaintiff was placed in jail by his parole agent. Nothing in the record suggests that plaintiff's parole was revoked during this three-month period.

Any claims related to this first period of confinement is likely not barred by Heck, because plaintiff can no longer bring a petition for a writ of habeas corpus to challenge the validity of a three-month stint in jail. Spencer v. Kemna, 523 U.S. 1, 21 (1998) (Souter, J., O'Connor, J. and Bryer, J. concurring) (Ginsburg, J., concurring) (and Stevens, J., dissenting), forming a majority that would treat Heck as inapplicable when collateral review is impossible); Heck, 512 U.S. at 500 (Souter, J., concurring) (suggesting that "individuals . . . who were merely fined, for example, or who have completed short terms of imprisonment, probation, or parole, or who discover (through no fault of their own) a constitutional violation after full expiration of their sentences" should be permitted to bring damages actions under § 1983).

Defendants do not explain how Heck would apply to plaintiff's first term of confinement, so I need not consider this issue further, and will go on to consider the remaining arguments raised by the parties concerning these claims. Nonetheless, I am aware that plaintiff brings numerous other claims regarding the revocation of his parole on June 29, 2011 (none of which are the subject of the summary judgment motions at issue in this opinion), so plaintiff should be ready to address the Heck issue if it is raised in the dispositive motions yet to be filed.

2. Malicious prosecution—notice of claim

In a September 18, 2013 order, I granted then-defendants Michael Felton, Kristi
Gruebele, Denise Jones, Jennifer Naugle and Marie Beth Varriales's motion for summary
judgment and dismissed plaintiff's state law malicious prosecution claim against them
because of plaintiff's failure to comply with Wisconsin's notice of claim statute regarding
state employees, § 893.82.  In defendant's Lee's motion for summary judgment (filed jointly
with defendant Gregerson), he argues in part that plaintiff's malicious prosecution claim
against him should be dismissed because plaintiff did not comply with Wisconsin's notice
of claim statute regarding local government employees, Wis. Stat. § 893.80.

Under this statute, a plaintiff may not bring a lawsuit against a local government
employee unless the plaintiff has given the employee notice of the claim within 120 days of
the events at issue, § 893.80(1d)(a), and has given the "person who performs the duties of
a clerk or secretary" for the governmental body an itemized statement of the relief sought
and allowed it an opportunity to disallow the claim, § 893.80(1d)(b).  As with the state
notice of claim statute, plaintiff does not propose any findings of fact showing that he
complied with the notice of claim statute.  Rather, he argues that his federal § 1983 claims
are not subject to the notice of claim statute, which is true but irrelevant.  The state law
malicious prosecution claim against defendant Lee is clearly covered by the notice of claim
requirement.

Plaintiff argues also that the notice requirements are waived when a defendant acts
maliciously outside the scope of his employment.  This is correct insofar as the notice

requirement applies only to claims regarding "acts done in [defendants'] official capacity or in the course of their agency or employment." § 893.80(1d). However, plaintiff does not explain how this argument would apply to his claim against Lee, which is reason enough to ignore it. Pond v. Michelin North America, Inc., 183 F.3d 592, 597 (7th Cir. 1999) ("[A]rguments raised in a conclusory or underdeveloped manner" are waived). In any case, no reasonable reading of plaintiff's allegations or the facts adduced by the parties at summary judgment could allow me to conclude that defendant Lee acted outside the scope of his employment. Lee took DNA swabs from one of the trucks, obtained DNA swabs from plaintiff and, according to plaintiff, worked with the other law enforcement defendants to bring false charges against him. Although plaintiff questions the legitimacy of these actions, they were taken by Lee in his capacity as a police officer, so plaintiff was required to comply with the notice of claims statute. Because he failed to do so, I will grant defendants' motion for summary judgment on the malicious prosecution claim against Lee.

On a related note, plaintiff has submitted a motion asking the court for leave to amend his notice of claim under Wis. Stat. § 893.82, citing Fed. R. Civ. P. 15 and stating that lawyers he consulted did not tell him that he needed to file notices of claims in this case. I understand this to be an attempt to retroactively file a notice of claim regarding the state defendants who, as discussed above, have already been dismissed. I will deny the motion because Rule 15 applies to amending pleadings; it is not an escape hatch from the requirements of Wisconsin law that the notice of claim statute must be strictly construed and a proper notice of claim must be filed before a plaintiff may commence a lawsuit. E.g.

8

Riccitelli v. Broekhuizen, 227 Wis. 2d 100, 116, 595 N.W.2d 392, 399 (1999) ("As a jurisdictional statute, § 893.82(3) requires strict compliance."); Oney v. Schrauth, 197 Wis. 2d 891, 904, 541 N.W.2d 229, 233 (Ct. App. 1995) (§ 893.82(3) "is a jurisdictional statute and must be strictly complied with before a trial court obtains jurisdiction.").

3.  Fourth Amendment claims

Plaintiff brings a claim against defendant Lee for illegally searching him by taking swabs of plaintiff's DNA at the jail.  Plaintiff argues that Lee did not have probable cause to take the DNA swabs.  Also, he brings claims against defendants Cramer and Gregerson for keeping him in the Eau Claire County jail from August 10 to November 10, 2010, despite knowing the evidence against him was false.

Plaintiff's theory for these claims has shifted.  In his complaint, he stated that there was a conspiracy to falsify the initial crime lab DNA test results showing plaintiff as a match for the sample found on the steering wheel in order to frame him for the theft of the two trucks and that each of the defendants named in this case knew that the evidence being used against him was false.  In briefing these summary judgment motions, defendants denied the conspiracy and plaintiff has not produced any evidence suggesting that any of the defendants falsified evidence or knew that falsified lab results formed the basis for further investigation or his incarceration.  Rather, he argues that the second crime lab result shows that he was *excluded* from the theft of the first truck and each defendant knew this, thus making their actions to search, arrest and incarcerate him unreasonable.

There are several flaws with this theory. First, plaintiff is simply misreading the second crime lab report. It does not exclude his DNA from the samples taken from the truck. Rather, the report reiterates that a test of the Y-STR DNA marker showed that plaintiff was a possible source of the DNA found on the steering wheel. The other three tests performed were more favorable for plaintiff: a test of the STR DNA marker regarding the steering wheel sample was inconclusive and a test of the Y-STR DNA and STR DNA markers excluded plaintiff as a contributor of another DNA sample found on the inside passenger door handle.

Moreover, the second lab result is irrelevant to the illegal search claim against defendant Lee, because it was released *after* Lee applied for his search warrant and obtained DNA swabs from plaintiff. Indeed, the later lab tests were taken as a result of Lee's search, so they obviously could not have informed his decision making in applying for the search warrant.

Lee avers that he applied for the search warrant after receiving the first lab report matching plaintiff's profile on the Wisconsin offender database to the swab taken from the steering wheel. Lee attached a copy of his affidavit supporting his application for search warrant, which stated with particularity the nature of the search. Plaintiff has produced no evidence that Lee lied on the warrant application or executed the warrant improperly. I am far from convinced that the DNA results failed to provide probable cause for the search, but even if I thought otherwise, Lee would be entitled to qualified immunity because he relied on the court commissioner's issuance of the warrant. Messerschmidt v. Millender, 132 S.

Ct. 1235, 1245 (2012) ("Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or, as we have sometimes put it, in 'objective good faith.'").  Therefore, I will grant Lee's motion for summary judgment on the illegal search claim.

As for plaintiff's false imprisonment claims, it is unclear why he has brought a claim against defendant Gregerson.  Plaintiff seems to argue that Gregerson, as Lee's supervisor, knew that the test results excluded him, but, as stated above, the test results do not show this.  In any case, Gregerson was the Osseo police chief and thus was not responsible for plaintiff's incarceration in the Eau Claire County jail, so plaintiff's false imprisonment claim against him must be dismissed.

Regarding defendant Cramer, the sheriff who did incarcerate plaintiff, Cramer states that he never saw the lab reports and adds that plaintiff was held pursuant to his parole agent's "order to detain."  Plaintiff does not present any evidence to rebut this version of events and thus no jury could reasonably infer that Cramer acted unreasonably in detaining him.  Accordingly, I will grant both Cramer's and Gregerson's motions for summary judgment on these claims.


MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Plaintiff has filed a motion for preliminary injunctive relief, stating that his mail is being tampered with at the place of his current confinement, the Oshkosh Correctional

11

Institution.  Plaintiff's motion is not accompanied by proposed findings of fact as required by this court's procedures to be followed regarding motions for injunctive relief, so the motion is defective on its face.  In any case, there is very little other than plaintiff's say-so to support these allegations; there is a letter plaintiff claims to have sent that did not reach the court (although a later copy of the letter has been docketed) but he does not allege that prison staff have blocked him from mailing any documents integral to this case.  To the contrary, the court has received dozens of filings from plaintiff in this case.  Accordingly, I see no reason to consider taking the drastic step of ordering injunctive relief against a non-party (none of the defendants are Department of Corrections officials or work at the Oshkosh Correctional Institution).  I will deny his motion.  Plaintiff remains free to file a separate lawsuit regarding denial of his access to the courts, but he will have to show how he has been injured by prison officials' actions.  Lewis v. Casey, 518 U.S. 343, 350-54 (1996).

MOTION FOR ASSISTANCE IN RECRUITING COUNSEL

Plaintiff has filed two motions for the court's assistance in recruiting him counsel, both of which have been denied.  Dkts. ##7, 44.  In his current motions, plaintiff adds very little in support of his belief that this is one of the relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it.  Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007).  He states that his mail is being disrupted, which I discussed above, and that he has Attention Deficit Hyperactivity

12

Disorder, which he says hinders his ability to read and understand documents.

I will deny plaintiff's motions because I am not persuaded that his limitations render him unable to represent himself at this time.  Thus far, the problem with plaintiff's claims has been his inability to provide evidence supporting his speculation that law enforcement personnel framed him, beyond the lab results that plaintiff misunderstands as exonerating him.  Going forward with his claims regarding the theft of the second truck, plaintiff will have to explain why defendants' searches, arrest, and subsequent imprisonment of plaintiff were unreasonable; this information should be ascertainable from plaintiff's knowledge of events as well as the reasons his criminal charges regarding this theft were dropped.

Finally, I note that in one of his motions for counsel, plaintiff asks for a stay pending recruitment of counsel and for the court to "apply habeas corpus."  It is unclear exactly what plaintiff means by this but it is possible that he seeks conversion of this case into a habeas action because he believes that his claims ultimately challenge the fact or duration of his current incarceration, following the revocation of his parole on June 29, 2011.  It is far too late in these proceedings to convert this civil rights lawsuit into a habeas corpus action, but plaintiff remains free to start his own habeas case by filing a petition.  As stated above, to the extent that plaintiff's claims may run afoul of <u>Heck</u>, plaintiff should be ready to address that issue.

ORDER

IT IS ORDERED that

1.  The motion for summary judgment filed by defendants Bryan Lee and Gregory Gregerson, dkt. #80, is GRANTED.

2.  The motion for summary judgment filed by defendant Ron Cramer, dkt. #93, is GRANTED.

3.  Plaintiff Eric Hall's motion for leave to amend his notice of claim under Wis. Stat. § 893.82, dkt. #105, is DENIED.

4.  Plaintiff's motion for preliminary injunctive relief, dkt. #119, is DENIED.

5.  Plaintiff's motions for the court's assistance in recruiting him counsel, dkts. ##79, 108, are DENIED without prejudice.

Entered this 10th day of January, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

14